RANDOLPH L. HOWARD (Nev. SBN 006688)
E-mail: rhoward@klnevada.com
KOLESAR & LEATHAM, CHTD.
400 South Rampart Boulevard, Suite 400
Las Vegas, NV 89145
Telephone:  (702) 362-7800
Direct:     (702) 889-7752
Facsimile:  (702) 362-9472

GARY OWEN CARIS (SBN 88918)
E-mail: gcaris@mckennalong.com
LESLEY ANNE HAWES (SBN 117101)
E-mail: lhawes@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
300 South Grand Avenue, 14th Floor
Los Angeles, CA 90071
Telephone:  (213) 688-1000
Facsimile:  (213) 243-6330

Attorneys for Receiver
ROBB EVANS & ASSOCIATES LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD J. AWAND and LINDA AWAND,<br><br>Defendants. | CASE NO. 2:08-CR-108-KJD-LRL<br><br>[PROPOSED] ORDER GRANTING MOTION FOR ORDER: (1) APPROVING RECEIVER'S FINAL REPORT AND ACCOUNTING; (2) APPROVING RECEIVER'S AND PROFESSIONALS' FEES AND EXPENSES FROM INCEPTION THROUGH CLOSING; (3) AUTHORIZING ABANDONMENT OF UNADMINISTERED ASSETS AND DESTRUCTION OF RECORDS; (4) DISCHARGING RECEIVER; (5) RELIEVING RECEIVER OF ALL DUTIES AND LIABILITIES; (6) AUTHORIZING THE TURNOVER OF ANY REMAINING FUNDS TO PLAINTIFF UNITED STATES OF AMERICA AND ALL RELATED RELIEF<br><br>Date:  November 29, 2011<br>Time:  9:00 a.m.<br>Place: Courtroom 6D |

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:17886794.1

1  The matter of the Motion for Order: (1) Approving Receiver's Final Report and
2  Accounting; (2) Approving Receiver's and Professionals' Fees and Expenses from Inception
3  Through Closing; 93) Authorizing Abandonment of Unadministered Assets and Destruction of
4  Records; (4) Discharging Receiver; (5) Relieving Receiver of All Duties and Liabilities; (6)
5  Authorizing the Turnover of Any Remaining Funds to Plaintiff United States of America and All
6  Related Relief ("Motion") filed by Robb Evans & Associates LLC, the receiver ("Receiver") over
7  all assets of Howard Awand and Linda Awand ("Receivership Defendants") came on for hearing
8  at the above-referenced date, time and place, the Honorable Kent J. Dawson, United States
9  District Judge presiding. Gary Owen Caris of McKenna Long & Aldridge LLP appeared on
10 behalf of the Receiver; Roger W. Wenthe, Assistant United States Attorney, appeared on behalf
11 of plaintiff United States of America and other appearances, if any, were made as noted in the
12 record at the hearing. The Court having reviewed and considered the Motion and all pleadings
13 and papers filed in support thereof, and having reviewed and considered responses and
14 opposition, if any, to the Motion, and having heard the arguments of counsel, and good cause
15 appearing therefor,
16 IT IS ORDERED that:
17 1.   The Motion and all relief sought therein is hereby granted; and
18 2.   Without limiting the generality of the foregoing:
19 A.   The Receiver's Final Report and Final Accounting, attached as Tab 1 to the Final
20 Report (collectively "Receiver's Final Report"), collectively attached as Exhibit 1 to the
21 Declaration of M. Val Miller filed in support of the Motion, is hereby approved;
22 B.   All actions and activities taken by or on behalf of the Receiver and all payments
23 made by the Receiver in connection with the administration of the receivership estate are hereby
24 approved and confirmed;
25 C.   All receivership administrative expenses, including the Receiver's fees and
26 expenses and those of its professionals incurred in connection with the receivership proceeding,
27 are hereby approved, and payment of all administrative expenses and Receiver's and
28 professionals' fees and expenses from the inception of the receivership through the closing of the

receivership estate and the discharge of the Receiver, as reflected in the Receiver's Final Report, including actual fees and costs incurred and estimated fees and costs incurred through the closing of the estate, as reflected in the Final Report, is hereby approved and authorized to be made from funds of the receivership estate;

D. The Receiver is authorized to abandon unadministered assets of the Awands, and to abandon and destroy the records of the Receivership Defendants, if any, in the possession, custody or control of the Receiver unless, within 30 days of entry of the Order on this Motion, the Receiver has been served by plaintiff United States with a written request for possession of the records or a subpoena by a law enforcement agency for the records, in which event the Receiver is authorized to turn over the original records to the United States or a law enforcement agency in response to the request or subpoena;

E. Effective upon the completion of the Receiver's wind up of the estate, payment of administrative expenses and distribution of funds to the United States provided herein, the Receiver, its agents, employees, members, officers, independent contractors, attorneys and representatives shall be: (a) discharged; (b) discharged and released from all claims and liabilities arising out of and/or pertaining to the receivership herein; and (c) relieved of all duties and responsibilities pertaining to the receivership previously established in this action;

F. The Receiver is authorized to turn over all remaining receivership funds to the United States after payment of all receivership expenses as described in the Final Report and after payment of the additional sum of approximately $4,107.01 to the State of Vermont Department of Taxes from the net proceeds of sale of the Stowe Property, and to close and wind up the estate without implementation of a claims process or payment of distributions to pre-receivership general unsecured creditors based on the absence of assets for distribution to creditors other than plaintiff United States based on its claim secured by the receivership assets which fully encumber the remaining funds in the estate. If the actual closing expenses are less than the amount estimated in the Final Accounting, then the Receiver shall also remit to the State of Vermont Department of Taxes 25% of the difference between the actual and estimated closing expense figure;

1    G.   Notice of the Motion given by the Receiver is due and sufficient under the
2 circumstances to provide notice and an opportunity for hearing by the interested parties; and
3    H.   The Court shall retain exclusive jurisdiction over any and all matters concerning
4 the receivership estate and all claims that may be asserted against the Receiver and the Receiver's
5 professionals and employees concerning their respective services.

6
7 Dated: Nov 29, 2011
8 
                                         KENT J. DAWSON
                                         United States District Judge

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28